IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| Damon L. Doyle, | ) | |
|---|---|---|
| | ) | Civil Action No. 5:10-3242-JMC-KDW |
| Petitioner, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| A.J. Padula, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Damon L. Doyle ("Petitioner" or "Doyle"), a state prisoner[1] proceeding pro se, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254. This matter is before the court pursuant to Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's return and motion for summary judgment. ECF Nos. 23, 24. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 25. Petitioner filed a response in opposition to Respondent's motion. ECF No. 27. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

---

[1] Petitioner is currently confined at the Lee Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Charleston County.

I. Factual Background

Between 11:00 p.m. and midnight on February 21, 2001, the victim took her boyfriend to the hospital to have his arm examined. App. 213-16.[2] The victim testified that while they were waiting for her boyfriend to be seen by doctors, she left the hospital in the early morning of February 22, 2001, to purchase coffee at a local convenience store. App. 216-17. The victim further testified because she was unfamiliar with the area, she got lost while she was searching for the convenience store. App. 217-18. While she was lost, she drove down a one-way street. App. 220. As she slowed to the stop sign, a man opened the passenger side door and jumped into the vehicle. *Id.* The victim indicated the man had his hand in his pocket, and he told her he had a gun. *Id.* She testified the man asked for her money. *Id.* After she told the man she had no money, he told her to drive. App. 220.

The victim testified she drove around for approximately 15 minutes. App. 220-21. While she was driving, she observed the man's face. *Id.* She also recalled he was wearing a dark jacket and a light-colored hat. App. 221. At trial, she identified Petitioner as the man who jumped into her vehicle. App. 222.

Eventually, the victim saw a lighted apartment building and decided to stop the car. App. 223. She jumped out of the vehicle and started banging on doors and windows in an effort to get help. *Id.* Petitioner then grabbed the victim from behind and threw her to the ground. *Id.* The victim testified Petitioner started choking her. *Id.*

> And he told me he was going to kill me, he told me. And nobody would come out and help me. There was lights on in this apartment and nobody would open the door and I said help me. And I was screaming. And he kept trying to grab my hands, grab my rings off my fingers. And I told him please

---

[2] Citations to "App." refer to the Appendix for Writ of Certiorari as to Petitioner's claim for collateral relief in the state courts of South Carolina, which is available at ECF No. 24-1, 2 in this habeas matter. Page number references are to the pages as numbered in the Appendix.

> don't take my jewelry, please don't take my jewelry. My mother had just given these rings to me. They were family heirlooms and they cannot be replaced.
>
> I kept holding my hands close to my chest but he kept grabbing my hands. And I kept my fist balled up so he couldn't get my jewelry off. And I didn't know -- one time he squeezed on my neck and I just remember taking my last breath. And I remember that floating feeling, and I don't know what happened after that.

App. 223-24. The victim indicated that when she regained consciousness, she realized that the Petitioner had taken a necklace and several of her rings. App. 224. After the police and ambulance arrived, the victim identified Petitioner as the perpetrator at the scene. App. 225.

One eyewitness testified that she observed a man wearing a white hat beating on a woman outside of the eyewitness's apartment. App. 150-51, 157. Several officers were called to the scene. Officer Heath King of the City of Charleston Police Department testified he apprehended Petitioner at the scene. App. 158-63. King testified there was a white ball cap beneath Petitioner where King tackled Petitioner. App. 163. King also noted Petitioner was wearing dark pants and a brown leather jacket. App. 164.

Sergeant Regina Wilhite testified she was the first to arrive at the scene. App. 177-78. She said she initially stopped Petitioner and asked if he had heard anyone screaming, to which he responded "no." App. 179. After helping King secure Petitioner, Wilhite turned her attention to the victim. Wilhite testified the victim was semiconscious, unresponsive, and crying. App. 181. The victim told Wilhite that the man had taken her jewelry. *Id.* Wilhite observed the victim had swelling to at least her left hand, swelling and whelps to her neck area, and was covered in debris. App. 182. Wilhite also testified the victim identified Petitioner at the scene. App. 183-84.

II. Procedural History

Petitioner was indicted by the Charleston County Grand Jury during the July 2001 Term of the Charleston County Court of General Sessions for assault and battery with intent to kill ("ABWIK"), kidnapping, and armed robbery. App. 434-39. Jill Halevi, Esquire, and William S. McGuire, Esquire, Assistant Public Defenders in Charleston County, represented Petitioner at trial. App. 1-433. The State was represented by Solicitor Ralph Hoisington and Assistant Solicitor Mike Bosnak, both of the Ninth Judicial Circuit. *Id.* On March 18-19, 2002, Petitioner proceeded to a trial by jury before the Honorable Daniel F. Pieper, Circuit Court Judge. *Id.* On March 19, 2002, Petitioner was found guilty of ABWIK, kidnapping, and robbery. App. 422. Judge Pieper sentenced Petitioner to life imprisonment for the kidnapping conviction, life imprisonment for the ABWIK conviction, and 15 years confinement for the strong arm robbery conviction, with all sentences to run concurrently. App. 432.

Petitioner timely served and filed a Notice of Appeal on March 22, 2002. ECF No. 24-3. Robert M. Pachak, Esquire, Assistant Appellate Defender for the South Carolina Office of Appellate Defense represented Petitioner on the appeal and filed an *Anders* Brief[3] on his behalf. ECF No. 24-4. In the Final *Anders* Brief, appellate counsel argued the trial court erred in refusing to give a jury charge on false imprisonment as a lesser included offense of kidnapping. Petitioner did not file a pro se response to the *Anders* Brief. On November 24, 2003, the South Carolina Court of Appeals filed a Per Curium unpublished opinion

---

[3] *Anders v. California*, 386 U.S. 738 (1967). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

dismissing the appeal. ECF No. 24-6. The Court of Appeals dismissed the appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *State v. Williams*, 406 S.E.2d 357 (1991), and granted counsel's petition to be relieved. The Court of Appeals issued the Remittitur on December 30, 2003. ECF No. 24-7.

Petitioner filed an Application for Post-Conviction Relief ("PCR") on November 22, 2004 (2004-CP-10-4835), alleging ineffective assistance of trial counsel and ineffective assistance of appellate counsel. App. 440-47. Specifically, Petitioner asserted trial counsel failed to make objections to comments in opening argument by solicitor; improperly withdrew a motion for change of venue; and failed to make objections to statements of witnesses. App. 442. Further, Petitioner asserted appellate counsel was ineffective for not raising Petitioner's right to a directed verdict on all charges; failing to challenge trial court's ruling on inadmissible evidence; and failing to challenge trial court's ruling on ex post facto during Petitioner's sentencing. App. 442. The State filed its Return on May 26, 2005. App. 448-52.

On September 8, 2008, the Honorable J. Derham Cole, Circuit Court Judge, held an evidentiary hearing in the PCR action. App. 453-89. Petitioner was present and was represented by Charles T. Brooks, III, Esquire. *Id.* Assistant Attorney General Matthew J. Friedman, Esquire represented the State. *Id.* The PCR court dismissed Petitioner's PCR application in an October 20, 2008 order. App. 490-97. In the Order of Dismissal, the PCR court noted it had the opportunity to review the record in its entirety and hear the testimony and arguments presented at the PCR hearing. App. 491. The Order stated that the PCR court further had the opportunity to observe each witness who testified at the hearing, to closely pass upon his or her credibility, and to weigh the testimony accordingly. App. 491-92. The

PCR court issued the following findings of fact and conclusions of law pursuant to S.C. Code Ann. § 17-27-80 (2003):

> The Applicant testified that trial counsel was ineffective. He asserted that counsel failed to object to the judge's jury charge on malice. He also testified that the indictment for ABWIK did not include malice aforethought, and counsel failed to object to the indictment. The Applicant admitted that he was on notice that he was being charged with ABWIK. The Applicant further contended that counsel should not have withdrawn his motion for change of venue because there was a great deal of pre-trial publicity surrounding the case and Applicant was prejudiced by having the trial in Charleston.
>
> The Applicant also testified that counsel failed to object during Detective Connolly's testimony when Detective Connolly indicated that she came to see him in jail about another matter. The Applicant asserted that a 1993 conviction for attempted armed robbery was used to enhance this sentence even though attempted armed robbery was not a most serious offense in 1993. The Applicant contended that counsel should have raised this ex post facto issue during sentencing. The Applicant testified that statements made by the Solicitor prejudiced him and counsel should have objected to the Solicitor's opening statement. Finally, Applicant testified that appellate counsel was ineffective for filing an <u>Anders</u> brief and failing to raise issues about direct indictment and the ex post facto issue. The Applicant asserted that he never met with his appellate attorney. The Applicant admitted that he "did wrong," but he did not believe he deserved a sentence of life without parole. The Applicant admitted that he was served with notice of the Solicitor's intention to seek a sentence of life without parole.
>
> Trial counsel testified that she raised objections to the life without parole statute. She also testified that she did not object to the judge's jury charge on malice, the ABWIK indictment, or the Solicitor's opening statement because she did not see a basis to object. Counsel testified that she withdrew her motion to change venue because the voir dire was modified and solicited only two responses from the jury pool and both of those potential jurors were excused. Since the basis of the motion was prejudice from media coverage, counsel believed it was reasonable to withdraw the motion after the two tainted jurors were excused. With respect to Detective Connolly's testimony about going to see Applicant on another matter, counsel testified that she objected to the testimony and moved for a mistrial. Her motion was denied.
>
> Counsel also testified that the State's evidence was strong. The victim and a witness testified, and counsel's investigator could not locate Applicant's alleged witness. Also, when the Applicant was arrested, he used an alias so he would be booked as a juvenile. Counsel testified that she had ample time to prepare for trial.

The Applicant alleged that he received ineffective assistance of trial counsel. In a post-conviction relief action, the applicant has the burden of proving the allegations in the application. Rule 71.1 (e), SCRCP; Butler v. State, S.E.2d 813 (1985). Where ineffective assistance of counsel is alleged as a ground for relief, the applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668 (1984); Butler, 334 S.E.2d 813.

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. The courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. 668. The applicant must overcome this presumption in order to receive relief. Cherry, 386 S.E.2d 624.

Courts use a two-pronged test to evaluate allegations of ineffective assistance of counsel. First, the applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Id. at 625 (citing Strickland, 466 U.S. 668). Second, counsel's deficient performance must have prejudiced the applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 625. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Johnson v. State, 480 S.E.2d 733 (1997).

This Court finds that Applicant's testimony was not credible, while also finding that counsel's testimony was credible. This Court finds that counsel is a trial practitioner who has extensive experience in the trial of serious offenses. Counsel conferred with the Applicant on numerous occasions. During conferences with the Applicant, counsel discussed the pending charges, the elements of the charges and what the State was required to prove, the discovery materials, Applicant's version of the facts, and possible defenses or lack thereof.

Where counsel articulates a reasonable trial strategy, counsel's performance should not be found ineffective. Roseboro v. State, 454 S.E.2d 312 (1996). This Court finds that trial counsel articulated reasonable trial strategies for not objecting to the judge's malice charge, the ABWIK indictment, the solicitor's opening statement, and the ex post facto issue. Furthermore, counsel was reasonable in withdrawing the motion to change venue after the voir dire was modified and the only two tainted prospective jurors were excused. This Court also finds that counsel properly objected and moved for a mistrial following Detective Connolly's testimony regarding a different charge against the Applicant.

> Regarding the Applicant's claims of ineffective assistance of counsel, this Court finds the Applicant has failed to meet his burden of proof. This Court finds that Applicant's attorney demonstrated the normal degree of skill, knowledge, professional judgment, and representation that are expected of an attorney who practices criminal law in South Carolina. State v. Pendergrass, 239 S.E.2d 750 (1977); Strickland, 466 U.S. at 668; Butler, 334 S.E.2d 813. This Court further finds counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in her representation. This Court finds that counsel's representation did not fall below an objective standard of reasonableness.
>
> Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test, specifically that counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that counsel committed either errors or omissions in his representation of the Applicant. The Applicant failed to show that counsel's performance was deficient. This Court also finds the Applicant has failed to prove the second prong of Strickland, specifically that he was prejudiced by plea counsel's performance. Applicant's complaints concerning counsel's performance are without merit and are denied and dismissed.

App. 492-95.

Petitioner also alleged that his appellate counsel was ineffective. The PCR court also found that this allegation was without merit. App. 495.

> A defendant is constitutionally entitled to effective assistance of appellate counsel. Evitts v. Lucey, 469 U.S. 387, (1985). "However, appellate counsel is not required to raise every non-frivolous issue that is presented by the record." Thrift v. State, 397 S.E.2d 523 (1990). Appellate counsel has a professional duty to choose among potential issues according to their merit. Jones v. Barnes, 463 U.S. 745 (1983). Where the strategic decision to exclude certain issues on appeal is based on reasonable professional judgment, the failure to appeal all trial errors is not ineffective assistance of counsel. Griffin v. Aiken, 775 F.2d 1226 (4th Cir. 1985). Here, appellate counsel, Robert M. Pachak, did not believe there were any meritorious issues and he submitted an Anders brief. This Court finds that appellate counsel was not ineffective for failing to raise other issues on appeal.

App. 495-96.

8

The PCR court found that Petitioner failed to present any evidence regarding any and all allegations that were raised in the application or at the hearing, and not specifically addressed in the PCR court's order. App. 496. The PCR court found Petitioner "waived such allegations and failed to meet his burden of proof regarding them[]" and denied and dismissed those allegations. *Id*. The PCR court concluded:

> Based on all the foregoing, this Court finds and concludes the Applicant has not established any constitutional violations or deprivations before or during his trial and sentencing proceedings. Counsel was not deficient in any manner, nor was the Applicant prejudiced by counsel's representation. Therefore, this application for PCR must be denied and dismissed with prejudice.

App. 496.

Petitioner timely noticed his appeal of the PCR court's decision on March 17, 2009. ECF No. 24-8 at 11. Kathrine H. Hudgins, Esquire, Appellate Defender with the South Carolina Office of Appellate Defense, represented Petitioner on appeal. The appeal of the PCR court's Order was perfected with the filing of a *Johnson*[4] Petition for Writ of Certiorari. ECF No. 24-9. In the *Johnson* petition, counsel argued "the PCR judge erred in refusing to find appellate counsel ineffective in failing to raise the trial judge's error in refusing to grant a mistrial when a detective testified at trial that she went to the jail to interview Petitioner in regard to 'another matter' implying that Petitioner may have been involved with other crimes." ECF No. 24-9 at 3. On January 19, 2010, Petitioner filed a pro se amended brief to the *Johnson* Petition for Writ of Certiorari. ECF No. 24-12. In his pro se brief, Petitioner contended the PCR judge erred by not providing specific findings of fact and conclusions of law with regard to each issue raised in the Order of Dismissal. ECF No. 24-12 at 5.

In an Order dated November 17, 2010, the South Carolina Supreme Court, pursuant to *Johnson v. State*, 364 S.E.2d 201, denied the petition for certiorari and granted counsel's

---
[4] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

request to withdraw. ECF No. 24-13. The remittitur issued on December 3, 2010. ECF No. 24-14. This habeas petition followed.

III. Discussion

A. Federal Habeas Issues

Petitioner raises the following issues in his federal petition for a writ of habeas corpus:

> Ground One: Appellate Counsel was ineffective for not addressing Ex Post Facto violation on Appeal
>
> Supporting facts: At the PCR hearing, applicant argued that appellate counsel failed to present on appeal. The trial court erred in failing to vacate conviction/sentence on Ground prior conviction was not considered as a most serious offense and was classified as a Youthful offender for Attempted Armed Robbery and Juvenile convictions (YOA) are non-violent offenses.
>
> Ground Two: Trial Counsel Ineffective For Not Objecting To Indictment for ABWIK.
>
> Supporting facts: The trial court amended indictment for (ABWIK) when trial court added the malice element when indictment failed to do so and counsel failed to argue this point to the trial court.
>
> Ground Three: Trial Counsel Failed To Object To Judges Charge On Malice
>
> Supporting facts: Trial counsel failed to object to trial court charge on malice, not only did trial court erroneously charge Jury on malice but it was never added to indictment and the malice charge was burden shifting.

Pet. 5-8, ECF No. 1.

B. Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of

law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### C. Habeas Corpus Standard of Review

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and a petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id*. The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner

has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances. Here it is undisputed that Petitioner met exhaustion requirements. ECF No. 24 at 15.

IV. Merits Analysis

A. Ground One – Ineffective assistance of appellate counsel

Petitioner argues he received ineffective assistance from appellate counsel because counsel did not address an ex post facto violation on appeal. ECF No. 1 at 5. Respondent argues this claim is without merit because Petitioner failed to show that the PCR court made an unreasonable determination of the facts when addressing this claim. ECF No. 24 at 18. Respondent also argues Petitioner did not show the PCR court unreasonably applied federal law to this claim. *Id*. The undersigned agrees.

A defendant is constitutionally entitled to receive effective assistance of appellate counsel. *Evitts v. Lucey*, 469 U.S. 387 (1985).

> In order to establish an ineffective assistance of appellate counsel claim, a defendant must demonstrate "that his counsel was objectively unreasonable in failing" to identify and argue an issue, and "a reasonable probability that, but for his counsel's unreasonable failure ..., he would have prevailed on his appeal." *Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). Reviewing courts must accord appellate counsel the "presumption that he decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir.1993). Counsel is not obligated to assert all nonfrivolous issues on appeal, as "[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." *Jones v. Barnes*, 463 U.S. 745, 752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Winnowing out weaker arguments and focusing on those more likely to prevail is the hallmark of effective appellate advocacy." *Id.* at 751.

*Gilchrist v. Hagan*, C/A No. 6:06-1236-MBS, 2007 WL 951749, *12 (D.S.C. Mar. 27, 2007).

"When a claim of ineffective assistance of counsel is based upon failure to raise viable issues, the court must examine the record to determine whether appellate counsel failed to present significant and obvious issues on appeal." *Gilchrist*, 2007 WL 951749 at *31 (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). Trial counsel raised the ex post facto issue opposing the imposition of a life-without-parole sentence as a post-trial motion. App. 428. Trial counsel's argument was that the only reason Petitioner's convictions carried a life-without-parole sentence was because before the law regarding mandatory sentencing was imposed, Petitioner was convicted of another offense that triggered life without parole sentencing. App. 428-29. The trial court noted, prior to the commission of the offense being considered at that time, the law was clear that one who committed the offense would receive the penalty of life without parole. App. 429. Trial counsel concurred, and the trial judge found that there was not an ex post facto violation. *Id*. Because, as Respondent notes, there was no ex post facto violation, appellate counsel was not deficient for failing to raise the issue on appeal. *U.S. v. Wilkes*, 20 F.3d 651 (5th Cir. 1994) (finding counsel not deficient for not raising legally meritless claim on appeal).

Appellate counsel filed an *Anders* brief. ECF No. 24-4. Petitioner argues that "the fact appellate counsel filed an Anders brief does not satisfy Evitts v. Lucey, 469 U.S. 387 (1985) or clearly state why counsel failed to argue ex post facto claim on his direct appeal." ECF No. 27 at 5. "The purpose of filing a brief under *Anders* is to ensure the *merits* of the appeal are not overlooked. The court has to conclude independently, regardless of counsel's conclusion, whether or not the appeal has merit before it can dismiss the appeal." *State v. McKennedy*, 559 S.E.2d 850, 855 (S.C. 2002) (emphasis in original). The Court of Appeals

dismissed Petitioner's appeal pursuant to *Anders* and *State v. Williams*, 406 S.E.2d 357 (S.C. 1991). ECF No. 24-6 at 2.

Petitioner sought PCR on the ineffective assistance of appellate counsel claim. App. 440-46. At the PCR hearing, the court asked Petitioner the basis of his claim of ineffective assistance of appellate counsel. App. 473. Petitioner asserted that appellate counsel only argued "false imprisonment which is being a lesser included charge of kidnapping." *Id*. Petitioner stated that appellate counsel should have brought the ex post facto claim on appeal, although Petitioner understood it to be "more of a legislative decision" than a decision made on PCR. App. 474. The PCR court found that Petitioner's allegation of ineffective assistance of appellate counsel was without merit. App. 495. The PCR court noted that appellate counsel "did not believe there were any meritorious issues and he submitted an <u>Anders</u> brief." App. 496. The PCR court found that "appellate counsel was not ineffective for failing to raise other issues on appeal." *Id*. The PCR court's denial of relief on this ground was not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court. *See Williams*, 529 U.S. at 398. Petitioner cannot show appellate counsel's failure to raise the ex post facto issue was objectively unreasonable or that if he had raised the issue there was a reasonable probability Petitioner would have prevailed. *See Smith*, 528 U.S. at 285. Therefore, the undersigned recommends that Respondent's motion for summary judgment be granted as to this ground.

    B. Ground Two – Ineffective assistance of trial counsel for failure to object to indictment

In Ground Two, Petitioner alleges that the trial court constructively amended the indictment against him for ABWIK when the court added the malice element to the jury charge. Petitioner asserts this violated his right to notice. ECF No. 27 at 1. Petitioner argues

15

that counsel was ineffective for failing to object to the alleged amendment to the indictment. ECF No. 27 at 3-4. The undersigned finds this ground is without merit and should be dismissed.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). In *Strickland*, 466 U.S. at 687, the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

"An indictment is adequate if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, the defendant to know what he is called upon to answer, and acquittal or conviction to be placed in bar to any subsequent prosecution." *State v. Michau*, 583 S.E.2d 756, 758 (S.C. 2003). "In determining whether an indictment meets the sufficiency standard, the court must look at the indictment with a practical eye in view of all the surrounding circumstances. Further, whether the indictment could be more definite or certain is irrelevant." *State v. Gentry*, 610 S.E.2d 494, 500 (S.C. 2005) (internal citations omitted).

At the PCR hearing, Petitioner admitted that he was on notice that he was being charged with ABWIK, and that he had received notice that the State was seeking a sentence

of life without parole. App. 476. Trial counsel testified that she discussed with Petitioner the elements of the charges and what the State was required to prove. App. 477. She also testified that she did not see any basis for challenging the indictments. App. 478. The PCR court found that Petitioner admitted he was on notice that he was being charged with ABWIK. App. 492. The PCR court found that counsel conferred with Petitioner on numerous occasions and during conferences with Petitioner "discussed the pending charges, the elements of the charges, what the State was required to prove, the discovery materials, [Petitioner's] version of the facts, and possible defenses or lack thereof." App. 494.

Petitioner cannot show that the indictment was insufficient to provide him notice of the charge against him. Because the indictment provided the Petitioner with sufficient notice that he was charged with ABWIK, trial counsel would not have had a reason to object to the indictment. As a result, the Petitioner cannot establish that counsel was deficient in not objecting to the indictment. Petitioner also fails to prove any resulting prejudice. There has been no showing that an objection by trial counsel would have changed the outcome of the proceedings.

Petitioner has not presented any evidence that shows the PCR court unreasonably applied federal law as established by the Supreme Court or that the PCR court made an unreasonable determination of the facts in light of the evidence before it. As a result, this ground is without merit and should be dismissed.

## C. Ground Three – Trial counsel failed to object to charge on malice

Petitioner alleges that trial counsel was ineffective because she did not object to the trial court's jury charge on malice. ECF No. 1 at 8. Respondent contends this issue is without merit. The undersigned agrees. Petitioner asserts the jury was erroneously charged on

malice, and the malice instruction was burden-shifting. *Id*. Petitioner raised this issue to the PCR court, which denied Petitioner's challenge to his counsel's effectiveness for failure to object to the jury charge.[5] App. 494-95.

The PCR court found trial counsel's testimony was credible and Petitioner's testimony was not. App. 494. The court gives deference to these credibility findings by the state court. *Wilson v. Ozmint*, 352 F.3d 847, 858 59 (4th Cir. 2003). "[F]ederal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983); *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008).

ABWIK is "an unlawful act of a violent nature to the person of another with malice aforethought, either express or implied." *State v. Coleman*, 536 S.E.2d 387, 389 (S.C. Ct. App. 2000) (citing *State v. Foust*, 479 S.E.2d 50, 51 (S.C. 1996)). Therefore, the trial court was correct in giving a jury instruction that included malice. The court's instruction did not, as Petitioner alleges, shift the burden of proof to the defendant. In fact, the trial judge specifically instructed the jurors that "an implication or an inference [of malice] in no way lessens the burden on the state to prove malice beyond a reasonable doubt." App. 405-06. Because the court's malice charge was proper, the failure of Petitioner's counsel to object to the charge of malice was, therefore, not objectively unreasonable under the circumstances. Accordingly, the undersigned finds that Petitioner has failed to establish deficiency under the first prong of *Strickland*. Furthermore, because the malice charge was proper, Petitioner also fails to prove any resulting prejudice under the second prong of *Strickland*. Thus, the

---

[5] The PCR court found that "trial counsel articulated reasonable trial strategies for not objecting to the judge's malice charge;" however, the record does not reflect that counsel provided a basis for why she did not object to the jury charge. Nevertheless, the PCR court found that counsel's representation did not fall below an objective standard of reasonableness. App. 494-95.

undersigned recommends that Respondent's motion for summary judgment be granted as to this ground.

V. Conclusion

The undersigned has considered each of Petitioner's grounds for habeas corpus relief and recommends that each be dismissed. Accordingly, for the foregoing reasons, the court recommends that Respondent's motion for summary judgment (ECF No. 23) be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

February 8, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**